UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DIEGO TECUM CHUMIL,

Petitioner,

v.

JULIO HERNANDEZ, *et al.*,

Respondents.

CASE NO. 2:26-cv-02789-GJL

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Diego Tecum Chumil ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 at 7; Dkt. 7 at 1. On August 6, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from custody.[1] Dkt. 1.

Respondents to the Petition include Todd Blanche (Acting Attorney General of the United States), Markwayne Mullin (Secretary of the United States Department of Homeland

//

[1] The parties have consented to proceed in this matter before a United States Magistrate Judge. *See* Dkt. 6.

Security), Julio Hernandez (Acting Field Office Director for ICE's Seattle Field Office), and Bruce Scott (Warden of the NWIPC) (collectively "Respondents").

On August 7, 2026, the Court ordered Respondents to show cause why a writ of habeas corpus should not be granted. Dkt. 4. The Petition has been fully briefed. Dkts. 1, 7, 10.

Having considered the Parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition (Dkt. 1) and **ORDERS** Petitioner's immediate release.

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Guatemala. Dkt. 1 at 5; Dkt. 7 at 3. He unlawfully entered the United States on July 1, 2013. Dkt. 7 at 3. Petitioner was issued a Notice and Order of Expedited Removal and was removed from the U.S. on July 10, 2013. *Id.* at 4.

Petitioner re-entered the United States in 2017. *Id.*; Dkt. 1 at 6. On December 30, 2025, Petitioner was detained during an immigration enforcement operation in Portland, Oregon, and transferred to the NWIPC. *Id.*; Dkt. 7 at 4. That same day, Petitioner was served with a Notice of Intent and Decision to Reinstate his July 5, 2013, order of removal. Dkt. 7 at 4.

Upon his detention, Petitioner was referred to USCIS for a reasonable fear screening after he asserted a fear of removal to Guatemala. Dkt. 7 at 4. Petitioner received a negative reasonable fear determination by the interviewing asylum officer. Dkt. 7 at 4; Dkt. 1 at 6–7. Petitioner sought review of the determination, and the reviewing Immigration Judge ("IJ") upheld the determination. Dkt. 7 at 4; Dkt. 1 at 6–7. On February 19, 2026, Petitioner filed a Petition for Review ("PFR") in the U.S. Court of Appeals for the Ninth Circuit, challenging his negative reasonable fear determination and his reinstated removal order. Dkt. 7 at 4; Dkt. 1 at 6–7. The Ninth Circuit entered a temporary stay of removal under General Order 6.4 that same day. Dkt. 7 at 4. Petitioner's PFR remains pending in the Ninth Circuit. Dkt. 1 at 7.

## II. LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, a habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

### A. Petitioner's Prolonged Detention is Unlawful and Petitioner is Entitled to Release

In this action, Petitioner challenges the constitutionality of his detention, arguing that it is indefinite and in violation of the Fifth Amendment's Due Process Clause. Dkt. 1 at 12. Respondents counter that Petitioner's detention is lawful pursuant to 8 U.S.C. § 1231, following the reinstatement of Petitioner's prior order of removal. Dkt. 7 at 5.

8 U.S.C. § 1231 takes effect once a final order of removal has been entered by an IJ. The first ninety-day period following the entry of a final removal order is known as the "removal period." 8 U.S.C. § 1231(a)(1)(A). To ensure a noncitizen's presence for removal and to protect the community from dangerous noncitizens who are awaiting removal, the Immigration and Nationality Act ("INA") mandates detention during the removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the [DHS Secretary] shall detain the [noncitizen].") (emphasis added). Once a ninety-day removal period has expired, as occurred in this case,

//

detention of unremoved noncitizens is no longer mandatory; instead, continued detention is committed to the discretion of the DHS Secretary. 8 U.S.C. § 1231(a)(6).

There is no textual limit on the DHS Secretary's discretion to detain certain noncitizens beyond the initial ninety-day removal period. However, in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court interpreted the INA to authorize the detention of noncitizens subject to removal orders only for a period "reasonably necessary to secure [their] removal." *Id.* at 699. By interpreting the INA in this way, the Supreme Court avoided a "serious constitutional threat" posed by granting the discretionary authority to order noncitizens detained for indefinite durations. *Id.*

Under *Zadvydas*, an order of detention during the first six months after entry of a final removal order is presumptively reasonable. *Id.* at 701. After the presumptively reasonable 180-day window has elapsed, courts apply a burden-shifting framework to determine whether a noncitizen's detention is of an indefinite duration in violation of the INA and due process. *Id.*

Within this framework, the noncitizen carries the initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The "good reason to believe" standard "does not place a burden upon the detainee to demonstrate [there is] no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that." *Shirdoon v. Scott,* No. 2:26-cv-01150-GJL, 2026 WL 1265503, at *3 (W.D. Wash. May 8, 2026) (citing *Senor v. Barr*, 401 F. Supp. 3d 420, 430 (W.D.N.Y. 2019)). If the noncitizen provides good reason, the burden then shifts to the Government to show that removal remains likely within a reasonable timeframe. *Zadvydas*, 533 U.S. at 701. If the Government fails to submit sufficient rebuttal evidence showing that removal

//

is likely to occur within the reasonably foreseeable future, then the noncitizen is entitled to habeas corpus relief. *Id.*

Here, Respondents concede Petitioner's detention has extended beyond the presumptively reasonable six-month period. Dkt. 7 at 6 ("Petitioner's 'presumptively reasonable' six-month post-order detention period therefore expired on June 30, 2026."). Thus, the Court analyzes Petitioner's indefinite detention claim under the burden-shifting framework of *Zadvydas* wherein Petitioner bears the initial burden of providing good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future.

Petitioner has established such "good reason" here. *Zadvydas*, 533 U.S. at 701; *accord Gonzalez Llinas v. Scott*, No. 26-cv-01461-SKV, 2026 WL 1429338, at *3–4 (W.D. Wash May 21, 2026) (reasoning that the petitioner's pending appeal with the BIA supported finding that there was no significant likelihood of removal within the reasonably foreseeable future); *William v. Chestnut*, No. 1:26-cv-04118-DAD-CSK (HC), 2026 WL 1622926, at *1 (E.D. Cal. June 5, 2026) (same); *Chicas v. Bondi*, No. 26-cv-0451-RSM, 2026 WL 775635, at *4 (W.D. Wash. Mar. 19, 2026) (same).

Petitioner contends that he is unlikely to be removed in the reasonably foreseeable future due to his pending PFR in the Ninth Circuit challenging his negative reasonable fear determination and his reinstated removal order in tandem with the corresponding stay. Dkt. 1 at 16 (citing *Hong v. Mayorkas*, 2:20-CV-1784-RAJ-TLF, 2021 WL 8016749, at *4 (W.D. Wash., June 8, 2021) (finding petitioner faced "an additional 15 to 38 months" in detention because he was at the "earliest stages" of pursuing a petition for review before the Ninth Circuit Court of Appeals), and *Tavurov v. Noem*, 819 F. Supp. 3d 1209, 1221 (W.D. Wash. 2026) (reasoning that the Court could not definitively determine the duration of petitioner's future detention while his

appeal remained pending)); *see also Djelassi v. ICE Field Office Dir.*, 434 F. Supp. 3d 917, 931 (W.D. Wash. 2020) (reasoning the petition for review process may take up to two years or longer). He contends that his "case faces an extended process" because the "Ninth Circuit recently heard consolidated oral arguments on similar cases." Dkt. 1 at 16 (citing *Aldana Diaz v. Bondi*, No. 25-4617 (9th Cir. argued May 20, 2026), *Vazquez Reyes v. Bondi*, No. 25-1023 (9th Cir. argued May 20, 2026), *Tovar-Reyes v. Bondi*, No. 25-4423 (9th Cir. argued May 20, 2026), and *Colin Carrillo v. Bondi*, No. 25-4648 (9th Cir. argued May 20, 2026)).

Moreover, Petitioner argues that he is likely to succeed on his PFR due to the "procedural deficits" in his underlying order "in violation of the agency's own regulations at 8 CFR § 241.8" such that he is not likely to be removed at all. *Id.*

Accordingly, Petitioner has met his initial burden of providing good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future. *See Nguyen v. Hermosillo*, No. 2:26-CV-00335-GJL, 2026 WL 538497, at *3 (W.D. Wash. Feb. 26, 2026) ("The 'good reason to believe' standard 'does not place a burden upon the detainee to demonstrate [there is] no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that.'").

The burden thus shifts to Respondents to "respond with evidence sufficient to rebut [Petitioner's] showing." *Zadvydas*, 533 U.S. at 701. Respondents have failed to do so. Respondents have not produced any specific evidence demonstrating removal is likely to occur in the reasonably foreseeable future: they have neither tendered evidence that they have obtained travel documents nor that they have initiated the process to obtain travel documents. Instead, Respondents merely argue that Petitioner failed to meet his initial burden of establishing "good reason." Dkt. 7 at 8.

Respondents cite *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008), to argue that "Petitioner's temporary stay of removal does not render his detention impermissibly 'indefinite[.]'" Dkt. 7 at 7. However, this authority is inapposite to the instant facts. *See Kravchenko v. Blanche*, No. 26-CV-1507-MLP, 2026 WL 1552533, at *3 (W.D. Wash. June 2, 2026). First, the petitioner in *Prieto-Romero* received a bond hearing while in custody, which the court found afforded him an individualized determination of the Government's interest in his continued detention. 534 F.3d 1053, 1068 (2008). Second, the Government had "introduced evidence showing that repatriations to [the petitioner]'s country of origin, Mexico, are routine and that the [G]overnment stands ready to remove [the petitioner] as soon as judicial review is complete." *Id.* at 1063.

Petitioner here has neither received a bond hearing nor have Respondents introduced evidence that removal to Guatemala is routine or that Respondents stand ready to remove Petitioner. *See Kravchenko*, 2026 WL 1552533, at *3. Respondents merely rely on their "prior successful removal of Petitioner to Guatemala" to demonstrate their capability to remove him again in the future, but they do not demonstrate why or how the circumstances are the same such that they can replicate a removal that occurred thirteen years ago in 2013. Dkt. 7 at 8.

Notwithstanding the pending judicial review, the court in *Prieto-Romero* found the petitioner's release was reasonably foreseeable because respondents demonstrated *with undisputed evidence* that removal was possible upon completion of the judicial review. *Prieto-Romero*, 534 F.3d at 1063–65. Here, Respondents have not made a similar showing. In fact, Respondents have not even identified a country to which they plan to remove Petitioner. Dkt. 7 at 7 ("[T]hat answer [to which country Petitioner may be removed] remains unknown pending judicial review of his reasonable fear proceedings.").

Respondents' vague assertions that removal can occur upon the stay's lift is not sufficient. *Accord Jaranow v. Bondi*, No. 2:25-cv-02396-TL, 2026 WL 35864, at *4 (W.D. Wash. Jan. 6, 2026)("The fact that Respondents intend to complete a travel document request for Petitioner does not make it significantly likely he will be removed in the foreseeable future."); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025) ("Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur."); *Kamyab v. Bondi*, No. 2:25-cv-00389-RSL, 2025 WL 2917522, at *4 (W.D. Wash. Oct. 14, 2025) (reasoning that "these generalized statements are far too vague and conclusory to rebut petitioner's showing in this particular matter" and granting habeas relief where respondents did "not [make] clear to the [c]ourt that it . . . submitted appropriate documentation [to effectuate removal].").

Without more, Respondents have not rebutted Petitioner's showing. Accordingly, Petitioner's continued detention is no longer authorized by the Immigration and Nationality Act as construed in *Zadvydas* and runs afoul of due process.[2]

## IV. RELIEF

Having determined that Petitioner's continued detention is no longer authorized, the Court must determine the proper scope of habeas relief. Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Supreme Court in *Zadvydas* considered conditional release the appropriate remedy once detention exceeds the period reasonably necessary to effectuate removal. 533 U.S. at 699–700. Accordingly, the Court

[2] Because the Court will grant relief on Petitioner's first count, the Court declines to reach Petitioner's second and third counts, or the relief requested therein, which appear to be pled in the alternative. Dkt. 1; *Ashwander v. Tennessee Valley Auth*., 297 U.S. 288, 347 (1936) (explaining that courts should avoid resolving a constitutional question "unless absolutely necessary to a decision of the case") (internal citations and quotations omitted).

concludes that the appropriate relief is an order directing Respondents to release Petitioner from immigration detention under reasonable conditions of supervision.

In addition to immediate release, Petitioner also requests the Court order Respondents to provide Petitioner with a pre-deprivation hearing before any future re-detention or, in the alternative, provide written notice to the Petitioner before any future re-detention and to follow the processes of 8 C.F.R. § 241.13. Dkt. 1 at 26–27.

The Court concurs that Respondents must comport with due process should they re-detain Petitioner. *See, e.g.*, *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025) ("[T]he fact that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process."). However, the record does not contain sufficient argument or authority to establish that, in all circumstances preceding a future re-detention, the Due Process Clause would be violated in the absence of these specific procedures. Thus, the Court declines to prescribe a comprehensive procedural framework for any potential re-detention decision Petitioner may face.

//

//

//

//

//

//

//

//

## V. CONCLUSION

Based on the foregoing, the Court **GRANTS** the petition for writ of habeas corpus (Dkt. 1) and **ORDERS** as follows:

(1) Respondents **SHALL** immediately release Petitioner Diego Tecum Chumil from custody on reasonable conditions of supervision; and

(2) Respondents **SHALL** file a declaration with the Court within **twenty-four hours** of this Order, confirming that Petitioner has been released from immigration detention and providing the date and time of his release.

Finally, the Court will entertain post-judgment requests for attorney's fees, as requested in the Petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 28th day of September, 2026.

Grady J. Leupold
United States Magistrate Judge